## ADNA MERRITT *versus* THOMAS PALMER AND BECKLEY ROWLEY

January 3, 1829

William A. Fletcher, attorney for plaintiff.
Hunt & Larned, attorneys for defendants (1824).
B. F. H. Witherell, attorney for defendants (1829).

### [OPINION]

This case is presented to the Court in a very inartificial & unsatisfactory manner The pleadings purport to close to the Country; — but there is no no finding by a Jury,— nor the usual substitute, a virdict by consent.— Certain abstract facts,

(all apparently which Counsel on both sides deemed material in the case,) are agreed:— & this statement together with the pleadings is by the parties turned to the Court.— This should have been put into the form of a case agreed, & accompanied by a virdict by consent, upon which jud$^t$ might be entered up, according as the opinion of the Court might be, of the legal effect of such facts:— following the ordinary mode of proceeding where in a submission, at Com. Law, to arbitration, by Rule of Court, of a pending suit, the party prefers that a jud$^t$ should be entered up upon an award rather than that he should be confined to his remedy by attachment,— Or a regular special virdict finding such facts should have been agreed upon or taken:— But if the statement is to be spread at full length like a special virdict, as the foundation, in combination with the pleadings in the case, of the judgment of the Court, the record will exhibit a very awkward appearance, & I fancy neither of the Gen$^n$ who are of counsel in the case, would be willing that his legal learning— his perspicuity or his logical acumen, should be tested by such a *specimen*— But however in judicial proceedings, this document may be classed, one proposition I think I may venture to affirm— viz that such only of the facts agreed, can be considered by the court, as, by the pleadings in the case, are properly put in issue: for if they had been found by a Jury & presented with all due form, & yet had not been so put in issue the finding would have been null. What then are the pleadings?— The Declaration Counts upon a forfeited Recognizance taken on an appeal from a Majistrate's jud$^t$— This Recognizance, is not *inducement* merely— it is not collateral matter, it is the very foundation of the suit.— And to this Declaration what answer is put in?— Does the Deft. deny that he acknowledged the Recognizance?— No— his plea then would have been *nul tiel record*.— Does he deny the *validity* of the Recognizance? No— for they have not required that it should be spread it, of record nor demurred. Do they insist that they have complied with its conditions? No for they have not said so by their plea.— But they have said that they owe nothing!— Now this plea neither denies the truth of premises alleged in the Declaration— nor the legal liability sought to be deduced from them— neither does it confess the truth of the allegations set up & avoid the conclusion by new matter!—The facts agreed then do not seem put in issue;— & what is not in issue must be laid out of the case— if they had been found by a Jury, they could not have been received.— But the plea too must be put out of the case, for it in no wise meets the declaration— it is totally inapt— & some authorities say it may be treated as a nulity 1 Saund. 39.n.3. 2 Ld. Ra 1502 2 Stra. 778. 8. Mod. 107 note. 89.83— This defect struck me forcibly at the opening of the argument— I would then have listened with satisfaction to motion to amend the plea, if it had been made, & went quite as far as it was proper for me, when I asked the Counsel, if he meant to offer such a motion?

The Declaration then remains unanswered and if default can intitle him to it, plff., without the aid of his facts agreed, is intitled to jud$^t$.— But altho' in contemplation of law, a default cures many defects— Yet there are defects which it does not cure:—

The declaration seems to have been drawn up with care & skill perhaps— It sets out the pendency of a case before a Justice, of which he might well take jurisdiction & the rendition of jud$^t$ upon it in Dec. 1821.— it then sets out the appearance of Defts before the justice & their due & regular acknowledgement of the Recognizance in the Justice's Court on the 16th Oct. 1822— It further appears by the tenour & effect of the condition of the Recognizance as set out, that the Recognizance should become void, if the Deft. in the suit before the majistrate should prosecute to

effect his appeal from the said jud$^t$ of the majistrate, rendered about 10 months before,— & the Record of the Recognizance purports to have been duly exhibited with the declaration in this Court— The Declaration then avers the intire failure of the Deft. below to prosecute his appeal & that consequently the action accrued to the plff.—

The Recognizance seems to have been duly entered into reduced to record— & produced here— It seems to have been entered into for the legal purpose of effecting an appeal from the jud$^t$ of the Justice, rendered in a case in which he appears perhaps sufficiently, to have had jurisdiction— tho' it would have been more satisfactory, if the plff. had accompanied his description of the case by an express averment that it was within his jurisdiction— On the whole a strong case for jud$^t$ in proper form would seem to have been out— but for one statutory difficulty which obtrudes itself— A Majistrate is undoubtedly competent in law to take a recognizance, as a part of the process of appeal from his decision, or as incident to it— But it is not admitted that a general power is vested in him to take a recognizance in all imaginable cases, nor in any except where the power is specifically given to him— The power is specifically given to him in cases of appeal— the validity of the recognizance in this case must depend upon its being shown by plff. that a jud$^t$ had been rendered in a case of which the justice had jurisdiction,— that from such jud$^t$ an appeal had been duly made— & that this Recognizance was regularly taken in the course of that appeal.— But the statute manifestly intends that the process of appeal should have commenced within 48 hours after the rendition of jud$^t$ & that the Recognizance should at furtherest be entered into before the next succeding Term of the County Court  Stat. 234— But by comparing the Law with the facts alleged in the Declaration, it appears that the Recognizance was not so taken, before the next succeeding Term of the County Court— If then the validity of the Recognizance must depend upon the regularity of the appeal, as one of its incidents— & if the appeal were not regular because not perfected in the time pointed out by the Statute, does it not follow that the Recognizance, bears on the face of it, proof of its own invalidity?— From so much as appears on the face of the declaration I cannot but yield to this conclusion— That the plea is bad in this case I have no doubt— But a bad plea is at all times & places good enough for a bad Declaration— and the Declaration I would consider as bad. 4 M T. 643

But I must not be understood as wishing to disturb a solemn decision this Court is reputed to have made touching this Recognizance— No member of the bar would be safe in relying upon his own opinions when they oppose a known decision of this Court to the contrary— If the matter were res integra, perhaps I might not assent to the construction put upon this Statute, by this Court when the Mandamus spoken of was awarded— but such construction having upon argument been given to it; & in this very matter, I cannot say but that this Court must be bound by it— especially as very strong reasons may be urged in its favour— So far from it, that as at present inclined I should be in fav$^r$ of issuing another mandamus requiring the county court to receive & proceed upon the appeal if such a motion were made  If the plff. then had set out in his declaration such part of the history of his case, as would have shown, why this recognizance was taken at so late a period— why the appellant did not himself join in it— & that as it is, it was taken in accordance with the mandate of this Court, he would have shown that the Recognizance was within the provisions of the Statute, as this Court has liberally expounded it— & would have been intitled to recover.— But he has not so shown—

& can we *presume* it? The facts agreed, in the shape in which they are presented, can hardly help the plff. for they are decidedly out of the issue— & foreign from the Record.

It is attempted by the plff. to support his claim, on the ground that this Recognizance is a confession of indebtedness on the part of the defts. which they may not now gainsay— But the Court of a Justice is one of very limited jurisdiction— it can exercise no jurisdiction not granted— If the amount of the Recognizance had been less than $100, up to which sum a Justice may take such confession— in this view of it, the matter might have been deserving of consideration— but such is not the fact. 4 M T R. 644— Upon the whole unless the plff. should interpose a motion to amend his declaration, which perhaps the Court upon fair terms might grant— I think plff. cannot have jud$^t$